## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DR. GREENS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-MC-226-KHV-GLR |
| | ) | |
| SPECTRUM LABORATORIES, LLC, | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

The Court has the following motions under consideration:  Spectrum's Motion to Compel Dyna-Tek to Comply with Subpoena (ECF No. 1) and Non-party Dyna-Tek's Motion to Quash or Modify Subpoena Duces Tecum (ECF No. 6).  For the reasons that follow, the Court grants in part and denies in part both motions.

### I.    NATURE OF THE MATTER BEFORE THE COURT

Defendant Spectrum Laboratories LLC (Spectrum) commenced this miscellaneous action by moving to compel non-party Dyna-Tek Industries, Inc. (Dyna-Tek) to comply with a subpoena issued out of this Court.  In accordance with Fed. R. Civ. P. 45, Spectrum served a subpoena duces tecum to obtain formula information and communications that are purportedly relevant to a patent infringement case (Case No. 11-CV-638-JAH) commenced in the Southern District of California by Dyna-Tek's customer – Dr. Greens, Inc. (Dr. Greens).  The court in the underlying action denied a motion for protective order filed by Dr. Greens to preclude Spectrum from obtaining supplier information and the chemical formula for the alleged infringing product.[1]  It ordered that the information be provided subject to an "Outside Attorneys Eyes Only" protective order.[2]  By agreement of the parties, the court entered a three-tiered order to protect the confidentiality of documents

---

[1]*See* ECF No. 1-3 (Ex. C).

[2]*Id.*

disclosed during the litigation.[3]

Spectrum filed its motion to compel on April 27, 2012.  This Court extended the response time to May 18, 2012.  Dyna-Tek filed its motion to quash on May 18, 2012.  Spectrum filed a response to the motion to quash.  Dyna-Tek timely filed a reply brief on June 15, 2012.  The motions are ready for ruling.

II.   ANALYSIS

Spectrum seeks to compel Dyna-Tek to produce documents responsive to six document requests included in its subpoena duces tecum.  Dyna-Tek asserted numerous general objections to the subpoena and specific objections to the particular requests.  In response to the motion to compel, Dyna-Tek moved to quash the subpoena.  Spectrum responded that the latter motion is untimely and without merit.

A. Timeliness

The Court does not find the motion to quash untimely.  Spectrum relies on the timeliness requirement set out in Fed. R. Civ. P. 45(c)(3)(A).  But Dyna-Tek primarily moves to quash the subpoena under Rule 45(c)(3)(B).  Unlike subparagraph (A), which mandates the quashing or modi-fying of a subpoena in certain circumstances on timely motion, subparagraph (B) invokes the discretion of the Court to modify or quash a subpoena that requires certain disclosures or lengthy travel by a non-party who is not an officer of a party.  While both provisions require a motion to prompt court action, only the mandatory provision expressly requires that the motion be timely filed.

To the extent Dyna-Tek relies on Rule 45(c)(3)(A), the Court may excuse a failure to meet

_____

[3]*See* ECF No. 1-5.  Under the Protective Order, any party to the litigation may designate documents as "Confidential", "Confidential - For Counsel Only", or "Confidential - Outside Attorney Eyes Only".  *See id.* at 2.

the deadline when the delayed filing results from attempts to informally resolve the disputes about a subpoena without judicial intervention.[4]  In this case Dyna-Tek engaged in several exchanges with Spectrum in an effort to resolve the issues.  The filing of the motion to compel confirmed an inability to resolve the matters without resort to the court.  Dyna-Tek filed its motion to quash within the time for responding to the motion to compel.  Under these circumstances, the Court finds the motion to quash timely to the extent the timeliness requirement of Rule 45(c)(3)(A) applies.

Rule 45(c)(3)(B) has no specific timeliness requirement.  Spectrum, moreover, has provided no basis to graft such a requirement to that subparagraph.  Nevertheless, a delay in pursuing a motion under Rule 45(c)(3)(B) may be relevant to whether the Court should exercise its discretion to modify or quash the subpoena.  In this instance, however, the Court finds no reason to deny the motion to quash or modify based on any delay for the same reasons that it finds the motion timely under Rule 45(c)(3)(A).  The Court proceeds to the merits of the motions.

**B.  Requests for Documents**

The subpoena commands Dyna-Tek to produce the following six categories of documents identified in an attachment:[5]

> 1.  All past or present formulas for any substance or mixture YOU have directly or indirectly supplied to DR. GREENS.

> 2.  ALL DOCUMENTS that relate to, refer to, reflect, constitute, or evidence the names or amounts of any substance present in (or added

---

[4]*See Hartz Mountain Corp. v. Chanelle Pharm. Veterinary Prods. Mfg. Ltd.*, 235 F.R.D. 535, 536 (D. Me. 2006).

[5]Both parties provide a copy of a subpoena issued in Oregon seeking the same categories of documents from another non-party.  *See* ECF No. 1-7 (attachment to Compl.); ECF No. 6-2 (attachment to Mot. Quash).  Dyna-Tek also provides their objections to the subpoena, which sets out the categories of documents.  *See* ECF No. 6-3.  As used in the subpoena, "YOU" refers to Dyna-Tek.

to) each substance or mixture YOU have directly or indirectly supplied to DR. GREENS, including, but not limited to, ingredient lists, recipes, procedures, instructions, test results, bills of material, quality control records, invoices, and purchase orders.

3.  For each particular substance constituting, contained within, or otherwise used to manufacture any substance or mixture YOU have directly or indirectly supplied to DR. GREENS, a representative purchase order or invoice documenting YOUR purchase of the substance or mixture sufficient to show (i) a description of the substance or mixture; (ii) the date of the order; (iii) the quantity ordered; (iv) the price paid; and (v) the name and address of the person or entity from whom YOU received the substance.

4.  ALL DOCUMENTS that relate to, refer to, reflect, constitute, or evidence testing or chemical analysis of any substance or mixture YOU directly or indirectly supplied to DR. GREENS.

5.  All written communications (e.g., e-mails, letters, and notes) between YOU and DR. GREENS.

6.  To the extent such documents were not produced in response to Request No. 5 above, all DOCUMENTS that record, describe, contain, refer to, or relate to any communications (e.g., e-mails, letters, voice messages between YOU and DR. GREENS relating to (a) SPECTRUM or Matt Stephens; (b) patent infringement allegations; (c) the chemical composition of, or any substance within, a substance or mixture provided by YOU to DR. GREENS; (d) U.S. Patent No. 7,192,776; (e) any actual or potential lawsuit between DR. GREENS and SPECTRUM.

Dyna-Tek asserted numerous objections to the subpoena and requested production.  In its motion to quash, it continues to object on various grounds.  "In general, the party resisting discovery has the burden to show how requested discovery is objectionable."[6]  That Dyna-Tek is a non-party

---

[6]*Robinson v. City of Ark. City, Kan.*, No. 10-1431-JAR-GLR, 2012 WL 603576, at *6 (D. Kan. Feb. 24, 2012), *review denied*, 2012 WL 1674255 (D. Kan. May 14, 2012); *accord P.S. ex rel. Nelson v. The Farm, Inc.*, No. 07-2210-JWL-DJW, 2007 WL 4570872, at *2 (D. Kan. Dec. 27, 2007) (recognizing that party moving to quash a subpoena has burden to support its objections).

to the underlying litigation does not alter who must carry the burden of persuasion.[7]  Dyna-Tek has not adequately supported any objection to the requested discovery except for showing that produced documents will include trade secrets or other confidential information.[8]

But that showing does not necessarily preclude the discovery of such information.[9]  "There is no absolute privilege for trade secrets and similar confidential information."[10]  If a subpoena requires disclosure of "a trade secret or other confidential research, development, or commercial information", the federal courts have discretion to quash or modify the subpoena to protect a person subject to or affected by it.[11]  Alternatively, the courts may order "production under specified conditions if the serving party:  (i) shows a substantial need for the . . . material that cannot be

---

[7]With respect to an objection of based on irrelevancy, the burden switches to the party seeking discovery, when the requested discovery does not appear relevant on its face.  *See Robinson*, 2012 WL 603576, at *7 (discussing the changing burdens).  The requested discovery in this case appears facially relevant given the nature of the underlying action, the rulings in that action, and the broad scope of relevancy in the discovery context under Fed. R. Civ. P. 26(b)(1).  The burden thus remains with Dyna-Tek to show that the discovery is not relevant under Rule 26(b)(1) or "is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."  *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996) (citation omitted).

[8]Spectrum does not dispute that requested production will include trade secrets.  *See* Mem. Supp. Mot. Compel at 9.

[9]*Cf. Naerebout v. IBP, Inc.*, No. 91-2254-L, 1992 WL 754399, at *13 (D. Kan. Aug. 19, 1992) (recognizing that a showing of confidentiality or trade secrets does not preclude discovery under Fed. R. Civ. P. 34).

[10]*Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981); *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *4 (D. Kan. June 3, 2008).

[11]Fed. R. Civ. P. 45(c)(3)(B)(i).  Similarly, on motion, for good cause shown, and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense", the courts may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 37(c)(1)(G).

otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated."[12]  Spectrum has made a sufficient showing under subparagraph (i).  There is no reason to believe that Spectrum will not reasonably compensate Dyna-Tek.[13]  As the court in the underlying action has already found, production of trade secrets or other similar confidential information can be adequately protected under an "Outside Attorneys Eyes Only" protective order.[14] Given the existing protective order entered in the underlying action, this Court can adequately protect the confidentiality of produced documents by extending that protective order to cover documents produced by Dyna-Tek, a non-party to the underlying action.  The production is also contingent on Spectrum ensuring that Dyna-Tek is reasonably compensated for the costs of production.[15]

In addition, even though Dyna-Tek has not adequately supported any other asserted objection, the Court may find a particular request for discovery overly broad or unduly burdensome on its face when 'it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope.'"[16]  There is no need to substantiate an asserted objection in such circumstances.  To the extent Requests 2, 4, and 6 use the phrase

---

[12]*See* Fed. R. Civ. P. 45(c)(3)(C).

[13]What constitutes "reasonable compensation" is left to the discretion of the courts.  9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008). The compensation may be limited to the costs of production, if such costs reasonably compensate the producing party.  *Klay v. All Defendants*, 425 F.3d 977, 984-86 (11th Cir. 2005).

[14]*See also Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 593 (D. Kan. 2003) (entering protective order to protect confidential documents sought by subpoena).

[15]Given the protective order and the facts of this case, the Court finds that reasonable compensation is limited to the costs of production.

[16]*Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *6 (D. Kan. Oct. 5, 1995); *accord Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665-66 (D. Kan. 1999); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197 (D. Kan. 1996).

"relate to", they are overly broad on their face.[17]  In each of these requests, that phrase modifies all documents instead of a particular type of document.  By doing so, they require Dyna-Tek to guess whether a particular document falls within the scope of the request.  They are objectionable to that extent.[18]  Because Requests 2, 4, and 6 are objectionable only in part, the Court can eliminate the objectionable portion by modifying the requests to omit the phrase "relate to."  Omitting that phrase adequately limits Requests 2, 4, and 6 to an acceptable form.

Request 5 is also overly broad on its face.  Although it does not use a specific objectionable phrase like "relating to", it is overly broad in that it seeks all written communications.  Without some limitation as to subject matter, such a request is overly broad.  Because Request 5 lacks appropriate limiting language, the Court modifies the subpoena to omit that request.

The Court overrules all objections asserted by Dyna-Tek, except as specifically mentioned in this order.  Because Requests 2, 4, and 6 are overly broad in part and Request 5 is overly broad in its entirety, the Court has modified the subpoena as contemplated by Fed. R. Civ. P. 45(c)(3).  Because the subpoena requires Dyna-Tek to disclose trade secrets or other confidential information set out in Rule 45(c)(3)(B)(i) and Spectrum has shown a substantial need for the material under Rule 45(c)(3)(C), the Court orders production under the protective order entered in the underlying action and herein extended to cover non-party Dyna-Tek.[19]  Spectrum shall also reasonably compensate

---

[17]To limit the subject matter of responsive documents, Request 6 also uses the similar phrase "relating to" just prior to listing five limitations on the content of responsive documents.  The limiting language makes this second use of the omnibus phrase non-objectionable.  In such context, the phrase is equivalent to using the word "about".

[18]*See Cotracom*, 189 F.R.D. at 665-66; *Robinson.* 2012 WL 603576, at *8-9.

[19]If Dyna-Tek desires additional protection, it may seek modification of that protective order in the underlying action.  It expresses concerns about disseminating its materials to litigation counsel for Spectrum, David Cupar.  From the information before this Court, however, it is not clear that he

Dyna-Tek for its production costs.

## III.   CONCLUSION

For the reasons stated, the Court grants in part and denies in part Spectrum's Motion to Compel Dyna-Tek to Comply with Subpoena (ECF No. 1) and grants in part and denies in part Non-party Dyna-Tek's Motion to Quash or Modify Subpoena Duces Tecum (ECF No. 6).  It grants the latter motion only to modify the subpoena by omitting Request 5 in its entirety; by eliminating the phrase "relates to" from Requests 2, 4, and 6; and order production under specified conditions as contemplated by Fed. R. Civ. P. 45(c)(3)(C).  It grants the motion to compel only to the extent Spectrum seeks to compel production of documents to the subpoena as modified herein.  The motions are otherwise denied.  When producing documents responsive to the requests in the subpoena, Dyna-Tek may avail itself of the confidentiality protections afforded by the "Outside Attorneys Eyes Only" protective order entered in the underlying action.  That protective order is hereby adopted and extended to cover Dyna-Tek.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 31st day of July, 2012.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

will have access to the disclosed materials under the Outside Attorneys Eyes Only protective order. The California court will have additional information about the underlying action.